**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**REGINALD L. CLEMONS,**

                                          **Petitioner,**

          **v.**                                              **5:04-CV-409**
                                                                  **(FJS)**

**UNITED STATES OF AMERICA,**

                                          **Respondent.**
_____

**APPEARANCES**                              **OF COUNSEL**

**OFFICE OF THE FEDERAL**                    **DAVID G. SECULAR, AFPD**
**PUBLIC DEFENDER**
The Clinton Exchange, 3rd Floor
4 Clinton Square
Syracuse, New York 13202
Attorneys for Petitioner

**OFFICE OF THE UNITED**                     **CARL G. EURENIUS, AUSA**
**STATES ATTORNEY**
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198
Attorneys for Respondent

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

          Currently before the Court is Petitioner's motion, pursuant to Rule 60(b) of the Federal

Rules of Civil Procedure, to reconsider this Court's May 25, 2005 Memorandum-Decision and

Order, in which the Court denied Petitioner's motion to vacate the judgment and sentence entered

against him on September 30, 2002, in Criminal Case No. 00-CR-386 and, upon reconsideration,

to vacate and order his resentencing in that criminal case.[1]

## II. BACKGROUND

In an Indictment dated August 2, 2000, the Government charged Petitioner with four counts of knowingly and intentionally possessing with the intent to distribute and distribution of cocaine base.  On September 11, 2001, Petitioner pled guilty to all four counts of the Indictment without entering a formal Plea Agreement with the Government.

On September 30, 2002, Petitioner appeared before this Court for sentencing.  Prior to that date, Petitioner's counsel filed a motion for a downward departure from the career-offender sentencing guideline range, which all parties believed was applicable to Petitioner.

At the sentencing hearing, this Court held that a persuasive basis for a downward departure did not exist and further noted that, because there was no question that Petitioner was a career offender, the Court was required to impose a sentence of at least 188 months.  *See* Sentencing Transcript, attached to the Affirmation of David G. Secular, dated August 23, 2005 ("Sentencing Tr."), at 6-7.[2]

On April 12, 2004, Petitioner commenced this action by filing a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  *See* Dkt. No. 1.  Subsequently, on

---

[1] Respondent concurs with Petitioner's request that the Court vacate his sentence and remand for resentencing.  *See* Dkt. No. 17.

[2] According to Petitioner, if this Court had not classified him as a career offender, he would have been subject to a guideline sentencing range of 27-36 months imprisonment.

September 20, 2004, he filed a reply memorandum of law in further support of his motion.[3]  *See*
Dkt. No. 8.  In a Memorandum-Decision and Order, dated May 25, 2005, this Court found, as a
preliminary matter, that, because the Government had not argued that there was any statute of
limitations bar to the claims that Petitioner raised in support of his petition, the Court would
consider all of these claims on the merits.  *See* Dkt. No. 14 at 5.  After doing so, this Court
denied his petition.  *See* May 25, 2005 Memorandum-Decision and Order at 14.

According to Petitioner's counsel, because Petitioner had raised claims of ineffective
assistance of both trial and appellate counsel in his petition, he was not assigned to represent
Petitioner nor was he aware of Petitioner's civil habeas proceeding.  However, on or about July
19, 2005, due to developments in a related matter, counsel became newly concerned about
Petitioner's classification as a career offender.  Therefore, he requested that an investigator in his
office research and obtain the records pertaining to Petitioner's 1997 conviction in New York
State Supreme Court, Onondaga County, for criminal possession of a controlled substance in the
fifth degree, which was one of the essential felony predicates upon which this Court based its
conclusion that Petitioner was a career offender.[4]

---

[3] In his reply memorandum of law, Petitioner argued, among other things, that, if he had
been promptly advised of all the circumstances surrounding his case, he could possibly have
entered a plea that would have avoided the enhanced career-offender sentence of 188 months.
*See* Dkt. No. 8 at 3-5.  At the time that he raised this claim, Petitioner was not aware of the
existence of evidence that conclusively established that he was, in fact, not a career offender.

[4] After Petitioner pled guilty in Criminal Action No. 00-CR-386, the Probation
Department prepared a Presentence Report, in which it concluded that Petitioner's state narcotics
conviction for criminal possession of a controlled substance in the fifth degree constituted a
"controlled substance" offense for purposes of U.S.S.G. § 4B1.2(b) and, thus, mandated a finding
that Petitioner was a career offender.  Moreover, the Government had cited this conviction as one
of the two prior felony convictions that mandated a finding that Petitioner was a career offender.

After obtaining and reviewing the records related to this conviction, counsel discovered that Petitioner's conviction for criminal possession of a controlled substance in the fifth degree was based exclusively on the weight of that controlled substance.  In other words, Petitioner had never admitted, nor had the State ever proved, that he had any intent to distribute the controlled substance in question.  Since there was nothing in the record to indicate that Petitioner had any "intent to distribute," counsel concluded that this conviction did not constitute a "controlled substance" offense and, thus, could not be used as a basis for finding that Petitioner was a career offender within the meaning of U.S.S.G. § 4B1.2(b).

Upon reaching this conclusion, counsel provided the Government and the Probation Department with copies of the New York State Indictment, Judgment and Sentencing Minutes. After reviewing these records, both the Government and the Probation Department agreed that this newly discovered evidence conclusively established that Petitioner was not a career offender.

## III. DISCUSSION

**A.     A petitioner's Rule 60(b) motion for reconsideration of an order denying a § 2255 motion does not constitute a second or successive habeas petition**

In *Rodriguez v. Mitchell*, 252 F.3d 191 (2d Cir. 2001), the Second Circuit held, for the first time, that "a motion under Rule 60(b) to vacate a judgment denying habeas is not a second or successive habeas petition and should therefore be treated as any other motion under Rule 60(b)." *Id.* at 198.[5]

---

[5] In *Rodriguez*, the Second Circuit noted that

[t]he question whether a Rule 60(b) motion to vacate a judgment

(continued...)

In support of this conclusion, the court reasoned that

> [a] motion under Rule 60(b) and a petition for habeas have
> different objectives. . . . As to the motion under Rule 60(b), while
> it is undoubtedly a step on the road to the ultimate objective of
> invalidating the judgment of conviction, it does not seek that relief.
> It seeks only to vacate the federal court judgment dismissing the
> habeas petition.  The grant of such a motion would not have the
> effect of invalidating the . . . conviction.  It would merely reinstate
> the previously dismissed petition for habeas, opening the way for
> further proceedings seeking ultimately to vacate the conviction.
> The fact that the Rule 60(b) motion contemplates ultimately the
> vacating of the conviction is shared with every motion the
> petitioner might make in the course of pursuing his habeas . . . .

*Id.*

Accordingly, based upon *Rodriguez*, the Court concludes that Petitioner is not barred

from moving for reconsideration of this Court's May 25, 2005 Memorandum-Decision and Order

denying his motion to vacate his sentence.

---

[5](...continued)
> denying habeas should be considered as a second or successive
> habeas petition [was] one [it] ha[d] never directly addressed –
> though [it] ha[d] previously treated a denial of such a motion as [it]
> would any other motion under Rule 60(b), rather than as a
> successive petition.

*Rodriguez*, 252 F.3d at 198 (citing *Matarese v. LeFevre*, 801 F.2d 98, 106-07 (2d Cir. 1986)
(holding upon review of a Rule 60(b) motion to vacate a judgment denying habeas, that "[a]n
appeal from an order denying a rule 60(b) [] motion brings before us only the denial of the
motion, not the merits of the underlying judgment" and that "[o]ur standard of review is whether
the court abused its discretion in denying relief from the underlying judgment")).

**B.      The merits of Petitioner's Rule 60(b) motion**

Although Petitioner does not state upon which provision of Rule 60(b) he relies to

support his motion, it appears that he is relying upon subparagraph (2), which provides that the

court may relieve a party from a final judgment based upon "newly discovered evidence which by

due diligence could not have been discovered in time to move for a new trial under Rule 59(b)"

and, alternatively, on subparagraph (6), which provides that the court may relieve a party from a

final judgment based upon "any other reason justifying relief from the operation of the

judgment."  Rule 60(b)(2), (6).  In addition, Rule 60(b) provides that "[t]he motion shall be made

within a reasonable time, and for reason[] . . . (2) . . . not more than one year after the judgment .

. . was entered or taken."  Rule 60(b).[6]

In support of his motion, Petitioner argues that, because of the existence of newly

discovered evidence that establishes conclusively that he is not a career offender for purposes of

the Sentencing Guidelines and because he could not have obtained this evidence as a *pro se*

petitioner, the Court should reconsider its prior decision to deny his § 2255 motion.  Moreover,

he asserts that, because all parties agree that this evidence demonstrates that this Court's

classification and consequent sentencing of him as a career offender was legally incorrect, the

Court should grant his petition and resentence him.

For purposes of the Guidelines, a career offender is defined as

> (a) A defendant . . . (1) [who] was at least eighteen years old at the
> time [he] committed the instant offense of conviction; (2) [whose]

---

[6] Since the Court entered its Memorandum-Decision and Order denying Petitioner's
motion to vacate his sentence on May 25, 2005, and Petitioner filed his motion for
reconsideration of that Order on August 23, 2005, the Court concludes that Petitioner's current
motion is timely under both subparagraphs (2) and (6).

instant offense of conviction is a felony that is either a crime of
violence or a controlled substance offense; and (3) [who] has **at
least two prior felony convictions** of either a crime of violence or
a **controlled substance offense.**

U.S.S.G. § 4B1.1(a) (emphasis added).

Moreover, for purposes of § 4B1.1, the term "controlled substance offense" "means an

offense under federal or state law, punishable by imprisonment for a term exceeding one year,

that prohibits the manufacture, import, export, **distribution**, or dispensing of a controlled

substance . . . **or the possession of a controlled substance . . . with intent to . . . distribute."**

U.S.S.G. § 4B1.2(b) (emphasis added).

The parties agree that Petitioner's state felony conviction for criminal possession of a

controlled substance in the fifth degree, which this Court concluded was a "controlled substance"

offense and thus one of two prior felony convictions upon which it could rely as a basis for its

determination that Petitioner was a career offender, was, in fact, not such an offense.

Specifically, counsel explains that, although Petitioner was convicted of "possessing" a

controlled substance, he was **not** convicted of either "distribution" or "intent to distribute" a

controlled substance, one of the necessary elements of a "controlled substance" offense under the

Guidelines.  *See* U.S.S.G. § 4B1.1.

The Court concurs with the parties' assessment of the effect of this newly discovered

evidence upon its prior decision and, thus, concludes that it erred when it classified Petitioner as

a career offender for purposes of calculating his sentence.

## IV. CONCLUSION

Accordingly, based upon this newly discovered evidence which conclusively establishes that Petitioner is not a career offender, the Court hereby

**ORDERS** that Petitioner's Rule 60(b) motion for reconsideration of its May 25, 2005 Memorandum-Decision and Order is **GRANTED**; and the Court further

**ORDERS** that, upon reconsideration of its May 25, 2005 Memorandum-Decision and Order, Petitioner's § 2255 motion to vacate his sentence and resentence him is **GRANTED**; and the Court further

**ORDERS** that Petitioner and Respondent shall file their sentencing memoranda on or before **September 20, 2005**; and the Court further

**ORDERS** that Respondent shall issue a writ to produce Petitioner for his resentencing in Criminal Action No. 00-CR-386 on **September 27, 2005**, at **4:30 p.m.**

**IT IS SO ORDERED.**

Dated: September 2, 2005
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge